ROB BONTA, State Bar No. 202668
Attorney General of California
LYNDSAY CRENSHAW, State Bar No. 246743
Supervising Deputy Attorney General
ARI J. SHEPS, State Bar No. 339595
Deputy Attorney General
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 321-5801
  Fax: (619) 645-2061
  E-mail: Ari.Sheps@doj.ca.gov
*Attorneys for Defendants*
*Riley, Lynch, Frederick, and Collinsworth*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CODY RICHARD TAYLOR,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**LYNCH, et al.,**<br><br>　　　　　　　　　　Defendants. | 2:21-cv-02413 KJN P<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants Riley, Lynch, Frederick, and Collinsworth (Answering Defendant), answer the Complaint filed by pro se Plaintiff Cody Richard Taylor (Plaintiff), entered on 12/27/2021. (Civil Rights Complaint. ECF No. 1.)[1] Answering Defendants deny any material allegations that are not explicitly admitted, and admit and deny the material allegations, as follows:

///

///

///

///

///

---

[1] All citations refer to the pagination assigned to ECF No. 1 by the CM/ECF system.

1

## I. JURISDICTION-VENUE

Answering Defendants admit that during the times alleged in the complaint, Plaintiff was housed exclusively at California State Prison-Sacramento (CSP-SAC), a facility located within the Eastern District of California. Answering Defendants lack sufficient knowledge or information concerning other allegations in this section and on that basis deny these allegations. Other material allegations not specifically admitted in this section of the Complaint are denied.

## II. INTRODUCTION

3. Answering Defendants lack sufficient knowledge or information concerning other allegations in this section and on that basis denies these allegations. Other material allegations not specifically admitted in this section of the Complaint are denied.

## III. PLAINTIFF

4. Answering Defendants admit the allegations in this section of the Complaint Other material allegations not specifically admitted in this section of the Complaint are denied.

## IV. DEFENDANTS

5. Admit that Lynch was employed as the Warden of CSP-SAC. Other material allegations not specifically admitted in this section of the Complaint are denied.

6. Admit that Riley was employed as a correctional Captain at CSP-SAC. Other material allegations not specifically admitted in this section of the Complaint are denied.

7. Admit that Collinsworth was employed as a correctional Sergeant at CSP-SAC. Other material allegations not specifically admitted in this section of the Complaint are denied.

8. Admit that Fredricks was employed as a correctional Counselor at CSP-SAC. Other material allegations not specifically admitted in this section of the Complaint are denied.

9. Answering Defendants lack sufficient knowledge or information concerning the allegations in this section, and on that basis deny these allegations. Other material allegations not specifically admitted in this section of the Complaint are denied.

///

///

///

## V. FACTS

10. Answering Defendants lack sufficient knowledge or information concerning the allegations in this section, and on that basis deny these allegations. Other material allegations not specifically admitted in this section of the Complaint are denied.

11. Answering Defendants lack sufficient knowledge or information concerning the allegations in this section, and on that basis deny these allegations. Other material allegations not specifically admitted in this section of the Complaint are denied.

12. Answering Defendants lack sufficient knowledge or information concerning the allegations in this section, and on that basis deny these allegations. Other material allegations not specifically admitted in this section of the Complaint are denied.

13. Answering Defendants deny the allegations in this section.

## VI. LEGAL CLAIMS

14. Answering Defendants admit and deny the material allegations in this section of the Complaint consistent with the above.

15. Answering Defendants admit and deny the material allegations in this section of the Complaint consistent with the above.

16. Answering Defendants admit and deny the material allegations in this section of the Complaint consistent with the above.

17. Answering Defendants admit and deny the material allegations in this section of the Complaint consistent with the above.

18. Answering Defendants deny the allegations in this section of the Complaint.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. Answering Defendants admit that Plaintiff has filed grievances. Answering Defendants deny that those grievances exhausted Plaintiff's administrative remedies in compliance with the Prison Litigation Reform Act. Other material allegations not specifically admitted in this section of the Complaint are denied.

///

///

3

Defs.' Answer to Pl.'s Compl. and Demand for Jury Trial (2:21-cv-02413 KJN P)

## VIII. PRAYER FOR RELIEF

20. Answering Defendants deny that Plaintiff is entitled to any relief. Other material allegations not specifically admitted in this section of the Complaint are denied.

21. Answering Defendants deny that Plaintiff is entitled to any relief. Other material allegations not specifically admitted in this section of the Complaint are denied.

22. Answering Defendants deny that Plaintiff is entitled to any relief. Other material allegations not specifically admitted in this section of the Complaint are denied.

23. Answering Defendants deny that Plaintiff is entitled to any relief. Other material allegations not specifically admitted in this section of the Complaint are denied.

24. Answering Defendants do not oppose Plaintiff's request for "A jury trial on all issues triable by a jury." Answering Defendants also request a jury trial, should the matter proceed to trial. Other material allegations not specifically admitted in this section of the Complaint are denied.

25. Answering Defendants deny that Plaintiff is entitled to any relief. Other material allegations not specifically admitted in this section of the Complaint are denied.

## VERIFICATION

26. Answering Defendants lack sufficient knowledge or information concerning the allegations in this section of the Complaint and on that basis deny the allegations. Other material allegations not specifically admitted in this section of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are barred by 42 U.S.C. § 1997e(a), in that Plaintiff failed to exhaust his administrative remedies as to the Answering Defendants and/or claims asserted in this action. Plaintiff also failed to properly exhaust any state law claims under the Government Claims Act.

///
///
///

4

Defs.' Answer to Pl.'s Compl. and Demand for Jury Trial (2:21-cv-02413 KJN P)

**Second Affirmative Defense**

**(Qualified Immunity)**

Answering Defendants are entitled to qualified immunity because there can be no violation based on the facts alleged or presented, and because Answering Defendants' conduct did not violate clearly established law of which a reasonable person would have known. At all relevant times, Answering Defendants acted within the scope of discretion, with due care, with a good-faith fulfillment of responsibilities pursuant to applicable statutes, rules, regulations, and practices, and with the good-faith belief that the actions comported with the Constitution and all applicable federal and state laws.

**Third Affirmative Defense**

**(Immunity Under 11th Amendment and Other Immunities)**

Answering Defendants are immune from damages in their official capacity under the Eleventh Amendment, and other protected immunities.

**Fourth Affirmative Defense**

**(Liability for Contributory Conduct)**

Plaintiff's alleged injuries or damages were the result of his own negligent or deliberate actions.

**Fifth Affirmative Defense**

**(Failure to Mitigate)**

Plaintiff's claims for damages are barred, or should be reduced, because Plaintiff failed to exercise reasonable diligence to mitigate the nature and extent of all claims and alleged injuries.

**Sixth Affirmative Defense**

**(Assumption of Risk)**

Plaintiff's claims for damages are barred, or should be reduced, because Plaintiff, through his actions, assumed the risk of his injuries.

///

///

///

5

Defs.' Answer to Pl.'s Compl. and Demand for Jury Trial (2:21-cv-02413 KJN P)

**Seventh Affirmative Defense**

**(Failure to State a Claim)**

The Complaint fails to allege facts sufficient to state a claim for which relief can be granted.

**Eighth Affirmative Defense**

**(Failed to Allege Facts Sufficient for Punitive Damages)**

The Complaint fails to allege facts sufficient to constitute a claim for punitive damages.

**Tenth Affirmative Defense**

**(Reasonable or Exigent Circumstances)**

At all relevant times, Answering Defendants were performing their duties in a reasonable manner consistent with the circumstances that emerged and existed at the time. The actions of Answering Defendants were reasonable and proper based upon the circumstances or exigent circumstances that existed at the time.

**Eleventh Affirmative Defense**

**(Lack of Causation)**

Answering Defendants were not the proximate or legal cause of Plaintiff's injury.

**Twelve Affirmative Defense**

**(Respondeat Superior)**

Answering Defendants are not legally liable under 1983 actions for the conduct of their subordinates.

**DEMAND FOR JURY TRIAL**

Answering Defendants hereby demand a trial before a jury on all issues presented by the Complaint triable to a jury.

**WHEREFORE**, Answering Defendants pray that:

1. Judgment be rendered in favor of Answering Defendants and against Plaintiff;
2. Plaintiff take nothing by the Complaint; and
3. Answering Defendants be awarded costs of suit incurred and attorney's fees herein.

6

Defs.' Answer to Pl.'s Compl. and Demand for Jury Trial (2:21-cv-02413 KJN P)

| | | |
|---|---|---|
| 1 | Dated:  November 7, 2022 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | LYNDSAY CRENSHAW<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | |
| 6 | | /s/ Ari J. Sheps<br>ARI J. SHEPS |
| 7 | | Deputy Attorney General<br>*Attorneys for Defendants*<br>*Riley, Lynch, Frederick, and Collinsworth* |

AJS:kac
SA2022301359
Defendant's Answer.docx

7

Defs.' Answer to Pl.'s Compl. and Demand for Jury Trial (2:21-cv-02413 KJN P)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Cody Richard Taylor (AP-2001) v. Jeff Lynch, et al.** | No. | **2:21-cv-02413 KJN P** |

I hereby certify that on <u>November 7, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>November 7, 2022</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants

<u>Cody Richard Taylor – AP-2001</u>
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA  95531-7000

<u>Cody Richard Taylor – AP-2001</u>
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696-2000

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 7, 2022</u>, at San Diego, California.

| K. Cranford | *K. Cranford* |
|---|---|
| Declarant | Signature |

SA2022301359
83681347.docx