UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY RICHARD TAYLOR, | No. 2:21-cv-2413 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with an action brought under 42 U.S.C. § 1983.  On January 6, 2023, the court issued its discovery and scheduling order.  On February 15, 2023, plaintiff filed a motion for summary judgment.  On March 10, 2023, defendants filed an opposition, objecting that plaintiff's motion is premature because discovery is not yet completed, and seeking an order deferring consideration of plaintiff's motion under Rule 56(d) of the Federal Rules of Civil Procedure.  As discussed below, defendants' motion is granted.

A motion for summary judgment, unless ordered otherwise, may be filed at any time until 30 days after the close of all discovery.  Fed. R. Civ. P. 56(b).  But "[m]otions for summary judgment are frequently considered premature and denied when discovery has not been completed."  See e.g., Aliff v. Vervent Inc., 2022 WL 3588322, at *4 (S.D. Cal. Aug. 22, 2022); see also Sowa v. Ring & Pinion Serv. Inc., 2021 WL 6334930, *2 (W.D. Wash. Sept. 9, 2021) ("Generally, summary judgment is inappropriate before the parties have had an opportunity for

discovery."), report and recommendation adopted, 2022 WL 73879 (W.D. Wash. Jan. 7, 2022). An opposing party ordinarily responds to a premature summary judgment motion by moving under Rule 56(d) and showing "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," at which point the Court may defer or deny the motion for summary judgment, allow time for discovery, or take any other appropriate action. See Fed. R. Civ. P. 56(d).  The Ninth Circuit has instructed that when a summary judgment motion is filed "early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," district courts should grant such motions for deferral "fairly freely."  Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv., 323 F.3d 767, 773 (9th Cir. 2003).

Here, defendants provided defense counsel's declaration that outstanding discovery precludes defendants' ability to oppose plaintiff's premature motion because no discovery responses have yet been received, and depositions of plaintiff and inmate witness Pangborn have not yet taken place.  Under Rule 56(d) of the Federal Rules of Civil Procedure, parties are entitled to conduct discovery.  Gordon v. Marquez, 2019 WL 1017323, at *1 (E.D. Cal. Mar. 4, 2019). The deposition testimony of plaintiff and Pangborn are necessary for defendants to oppose plaintiff's motion.  Counsel identifies evidence and specific facts needed to prepare an opposition. (ECF No. 43 at 7-8.)

Good cause appearing, defendants' motion is granted.  Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004) ("summary judgment disfavored when relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs.")  Consideration of plaintiff's motion for summary judgment is deferred; defendants shall file their opposition to plaintiff's motion for summary judgment at the same time defendants file their own cross-motion for summary judgment.  Subsequent briefing is governed by Local Rule 230(l).

Good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion (ECF No. 43) is granted;

2. Consideration of plaintiff's motion for summary judgment (ECF No. 42) is deferred under Fed. R. Civ. P. 56(d); and

3. Defendants shall file their opposition to plaintiff's motion for summary judgment at the same time defendants file their cross-motion for summary judgment.

Dated:  March 29, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tayl2413.56d