1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CODY RICHARD TAYLOR,                    No.  2:21-cv-2413 KJN P

12                   Plaintiff,

13          v.                                ORDER

14    JEFF LYNCH, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action

18    brought under 42 U.S.C. § 1983.  Plaintiff's renewed motion to modify the scheduling order is

19    before the court.  As discussed below, plaintiff's motion is partially granted.

20    Governing Standards

21          "The district court is given broad discretion in supervising the pretrial phase of litigation."

22    Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal

23    quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good

24    cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified

25    'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"

26    Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting

27    Johnson, 975 F.2d at 607).

28    ////

                                            1

1  Background

2         On January 6, 2023, the court issued its discovery and scheduling order; the current

3  discovery deadline expired on May 12, 2023.  On February 15, 2023, plaintiff filed a motion for

4  summary judgment, which this court deferred on March 29, 2023.  (ECF Nos. 42, 44.)  On May 5,

5  2023, plaintiff was granted an extension of time to renew his April 20, 2023 motion to modify the

6  scheduling order.  (ECF No. 47.)

7  Plaintiff's Motion

8         Plaintiff seeks a 60 or 90 day extension of the discovery deadline, and claims that counsel

9  for defendants has no objection.  In his motion, plaintiff claims he propounded a request for

10  production of documents requesting 602 appeals, letters, informational chronos, rule violation

11  reports and several other documents from inmate Pangborn, but defendants objected to production

12  of such documents.  Plaintiff claims he needs to subpoena such records.  Plaintiff adds that he

13  received the discovery response on or about April 10, 2023, but there was insufficient time to

14  propound further discovery because he was required to do so by May 12, 2023.

15         Plaintiff also states that he prematurely filed his motion for summary judgment and

16  inquires how to add defendants to this action.  (ECF No. 48.)

17  Plaintiff's Complaint

18         While housed at California State Prison, Sacramento, plaintiff's cellmate Pangborn

19  allegedly told defendants Lynch, Fredricks and Riley that Pangborn was going on an HIV

20  medication strike "to become detectable and able to infect staff and inmates." (ECF No. 1 at 5.)

21  Pangborn "purposely cut the tips of his fingers and put his blood on the hair razors . . . in

22  numerous food items," shared by both plaintiff and Pangborn, and also put his blood in plaintiff's

23  heroin, while denying Pangborn had any infectious diseases when asked by plaintiff.  (ECF No. 1

24  at 5.)  Plaintiff alleges defendants Lynch, Fredricks and Riley knowingly subjected plaintiff to

25  unsafe living conditions and to cruel and unusual punishment in violation of the Eighth

26  Amendment.  Aside from suffering the infection of HIV, plaintiff sustained a mental health

27  breakdown, severe depression, PTSD, and anxiety. (Id.)

28  ////

2

1     Further, plaintiff alleges that defendant Collinsworth continued telling Pangborn that

2  plaintiff was HIV positive and was filing appeals, and then attempted to get Pangborn to say on

3  the record that plaintiff was aware of Pangborn's diagnosis prior to being housed with plaintiff.

4  Plaintiff was told by several staff that "they know about all the issues" going on, and plaintiff

5  claims that defendant Collinsworth continued to spread rumors and place plaintiff's life in danger

6  because HIV identified inmates are prone to assaults.  Plaintiff alleges that defendant

7  Collinsworth violated plaintiffs right to privacy in his medical records, and put plaintiff's life in

8  danger because "HIV-identified inmates are prone to assaults."  (ECF No. 1 at 6.)

9  Discussion

10     Motion to Modify

11     It is unclear from plaintiff's motion if plaintiff needs to subpoena records related to inmate

12  Pangborn or whether plaintiff needs to file a motion to compel production of documents relevant

13  to his claims in this action.  In an abundance of caution, the discovery deadline is extended for the

14  sole purpose of plaintiff obtaining specific and relevant documents as to inmate Pangborn, either

15  by filing a motion to compel production of documents or, in the alternative, by subpoena.

16  Plaintiff is cautioned that the court is not inclined to further extend this deadline.

17     In light of the extension of the discovery deadline, the pretrial motions deadline is also

18  extended.  All parties should refrain from filing a dispositive motion until after discovery has

19  closed.

20     Subpoena Duces Tecum

21     Plaintiff is provided the following information concerning the subpoena duces tecum.

22     A subpoena duces tecum, served pursuant to Federal Rule of Civil Procedure 45(a)(2),

23  directs a non-party to an action to produce documents or other tangible objects for inspection.

24  Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an

25  authorized subpoena duces tecum by the United States Marshal.  See 28 U.S.C. § 1915(d).  This

26  court must consider the following matters before approving service of a proposed subpoena duces

27  tecum.  A subpoena must comply with the relevance standards set forth in Federal Rule of Civil

28  Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is

3

1    relevant to any party's claim or defense and proportional to the needs of the case"), and

2    considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)(C)

3    and 45(d).  The "Federal Rules of Civil Procedure were not intended to burden a non-party with a

4    duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum."

5    Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to show that

6    he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries,

7    Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also United States v. Columbia Broadcasting

8    System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena

9    to non-party).  Non-parties are "entitled to have the benefit of this Court's vigilance" in

10   considering these factors.  Badman, 139 F.R.D. at 605.

11        In addition, courts in this district require that a motion requesting issuance of a subpoena

12   duces tecum be supported by:  (1) clear identification of the documents sought and from whom,

13   and (2) a showing that the records are obtainable only through the identified third party.  See, e.g.

14   Davis v. Ramen, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, 2010

15   WL 148703, *1 (E.D. Cal. Jan. 13, 2010).  The person to whom the subpoena is directed must be

16   clearly and readily identifiable, with an accurate physical address to enable personal service of the

17   subpoena.  See Fed. R. Civ. P. 45(a)(1)(A)(iii).

18        Finally, pursuant to Rule 45(c)(2), a subpoena duces tecum commands the recipient to

19   "produce" documents.  Plaintiff is advised that he may be provided access to review documents

20   but that if he wishes to have copies of the documents, he may be required to photocopy them at

21   his own expense.

22        Motion for Summary Judgment

23        The record makes clear that plaintiff is in the process of completing discovery.  "Motions

24   for summary judgment are frequently considered premature and denied when discovery has not

25   been completed."  See, e.g., Aliff v. Vervent Inc., 2022 WL 3588322, at *4 (S.D. Cal. Aug. 22,

26   2022); see also Sowa v. Ring & Pinion Serv. Inc., 2021 WL 6334930, *2 (W.D. Wash. Sept. 9,

27   2021) ("Generally, summary judgment is inappropriate before the parties have had an opportunity

28   for discovery."), report and recommendation adopted, 2022 WL 73879 (W.D. Wash. Jan. 7,

4

1   2022).  In light of plaintiff's statement that he prematurely filed his motion for summary

2   judgment, the undersigned vacates the motion for summary judgment without prejudice to its

3   renewal once discovery has closed.

4        Motion to Amend

5        Plaintiff is advised that in order to add defendants at this late juncture, plaintiff must file a

6   motion to amend and append a proposed amended complaint for review by the court.  Fed. R.

7   Civ. P. 15(a).  Plaintiff is cautioned, however, that he may only join multiple defendants in one

8   action where "any right to relief is asserted against them jointly, severally, or in the alternative

9   with respect to or arising out of the same transaction, occurrence, or series of transactions and

10  occurrences" and "any question of law or fact common to all defendants will arise in the action."

11  Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different defendants must be pursued in

12  separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  In other words,

13  plaintiff's claims against the proposed new defendants must be related to plaintiff's claims that

14  defendants Lynch, Fredricks and Riley knowingly subjected plaintiff to unsafe living conditions

15  and to cruel and unusual punishment in violation of the Eighth Amendment.

16       Accordingly, IT IS HEREBY ORDERED that:

17       1.  Plaintiff's motion to modify the scheduling order (ECF No. 48) is partially granted.

18       2.  The scheduling order is amended as follows:

19       The discovery deadline is extended to September 15, 2023, for the sole purpose of

20  plaintiff obtaining specific and relevant documents as to inmate Pangborn, as set forth above.

21       The pretrial motions deadline is extended to December 15, 2023.  All parties should

22  refrain from filing a dispositive motion until after discovery has closed.

23       In all other respects, the provisions of the January 6, 2023 discovery and scheduling order

24  (ECF No. 40) remain in effect.

25       3.  The February 16, 2023 motion (ECF No. 42), is vacated without prejudice to renewal

26  upon completion of discovery.

27       4.  If plaintiff chooses to file a motion to amend, he must do so within thirty days from the

28  date of this order.

1     5.  The Clerk of the Court is directed to send plaintiff the form civil subpoena.

2   Dated:  July 10, 2023

3

4                                                                    KENDALL J. NEWMAN
     /tayl2413.16b2                                    UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28