UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY RICHARD TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, et al.,<br><br>    Defendants. | No. 2:21-cv-2413 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action brought under 42 U.S.C. § 1983. Plaintiff's motion to amend is before the court. As discussed below, plaintiff's motion should be partially granted.

Plaintiff's Complaint

    While housed at California State Prison, Sacramento, plaintiff's cellmate Pangborn allegedly told defendants Lynch, Fredricks and Riley that Pangborn was going on an HIV medication strike "to become detectable and able to infect staff and inmates." (ECF No. 1 at 5.) Pangborn "purposely cut the tips of his fingers and put his blood on the hair razors . . . in numerous food items," shared by both plaintiff and Pangborn, and also put his blood in plaintiff's heroin, while denying Pangborn had any infectious diseases when asked by plaintiff. (ECF No. 1

1

at 5.) Plaintiff alleges defendants Lynch, Fredricks and Riley knowingly subjected plaintiff to unsafe living conditions and to cruel and unusual punishment in violation of the Eighth Amendment. Aside from suffering the infection of HIV, plaintiff sustained a mental health breakdown, severe depression, PTSD, and anxiety. (Id.)

Further, plaintiff alleges that defendant Collinsworth continued telling Pangborn that plaintiff was HIV positive and was filing appeals, and then attempted to get Pangborn to say on the record that plaintiff was aware of Pangborn's diagnosis prior to being housed with plaintiff. Plaintiff was told by several staff that "they know about all the issues" going on, and plaintiff claims that defendant Collinsworth continued to spread rumors and place plaintiff's life in danger because HIV identified inmates are prone to assaults. Plaintiff alleges that defendant Collinsworth violated plaintiffs right to privacy in his medical records, and put plaintiff's life in danger because "HIV-identified inmates are prone to assaults." (ECF No. 1 at 6.)

Motion to Amend

The Parties' Arguments

Plaintiff seeks leave to amend to add a claim that defendant Collinsworth also knowingly subjected plaintiff to unsafe living conditions and to cruel and unusual punishment in violation of the Eighth Amendment. Pangborn started the hunger strike on June 15, 2020, and after #9 meal, Collinsworth interviewed Pangborn, who stated he was going to infect inmates and staff; Collinsworth failed to report the threat, stating, "That's your decision and if you infect I'll deal with when you do it." (ECF No. 50 at 2; 9 (Pangborn Decl.).) Plaintiff avers that he learned of such information through discovery.

In addition, plaintiff seeks leave to add three new defendants:

- RN J. Carter, who interviewed Pangborn on September 30, 2020, and Pangborn told Carter that he "would maliciously infect staff and inmates." (ECF No. 50 at 2.) Carter did nothing to report the threat or to stop the spread of a deadly disease.
- Between October 2020 and January 2021, Pangborn notified CMO Dr. Babbala and CEO Brizitdine about seven to eight separate times that inmates would be infected. (ECF No. 50 at 3.)

Plaintiff states that the three proposed new defendants have been in existence from the beginning – February 12, 2021, as they were included in plaintiff's health care appeal no. 21000260. (ECF No. 50 at 3.)

### Defendants' Opposition

Defendants do not oppose plaintiff's motion to amend to add the Eighth Amendment claims against defendant Collinsworth. However, defendants oppose the request to add three new medical defendants at this late stage of the proceedings. Plaintiff concedes he was much earlier aware of these three newly proposed defendants because plaintiff submitted health care grievances against them as early as February 12, 2021, ten months before plaintiff filed the instant action, and more than two years prior to now. Plaintiff failed to explain why such defendants were not named in the original complaint, why he waited so long to move to add them, or why he should be permitted to add them more than two years into the case, after defendants have taken plaintiff's deposition. (ECF No. 52 at 2.) Defendants object that the addition of such new defendants would require the reopening of discovery and the retaking of plaintiff's deposition, which would add unnecessary financial costs to defendants. Allowing plaintiff to add three new defendants at this late date would severely prejudice defendants. Because plaintiff failed to show good cause, the motion to amend the new defendants should be denied.

### Plaintiff's Reply

Plaintiff did not file a reply.

### Governing Standards

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (not an abuse of discretion to deny amendment where desired amendment would cause undue delay and prejudice opposing parties). However, because a pretrial scheduling order has been filed in this action, resolution of this motion to amend is governed by Rule 16 of the Federal Rules of Civil Procedure. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). "Once the district court filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standards controlled." Id.

3

Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Here, on November 14, 2022, the court issued its first scheduling order. (ECF No. 35.) On January 6, 2023, the discovery and scheduling order was modified (ECF No. 40), and was again modified on July 10, 2023, at plaintiff's request (ECF No. 49). Therefore, the court considers the present motion under the Rule 16 standard for amendment and secondarily under the standard of Rule 15(a). See Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

While amendment of pleadings is ordinarily liberally granted under Federal Rule of Civil Procedure 15(a), a movant must demonstrate "good cause" to justify amendment under Federal Rule of Civil Procedure 16(b). Johnson, 975 F.2d at 606-07. The "good cause" standard "focuses on the diligence of the party seeking amendment." Id. at 607 (citing Johnson, 975 F.2d at 609). The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609 (internal quotation marks omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks omitted). Put simply, "good cause" means scheduling deadlines cannot be met despite a party's diligence. 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990). In addition to a lack of diligence, "prejudice to the party opposing the modification" may supply additional reasons to deny modification. Johnson, 975 F.2d at 609.

In order to demonstrate diligence, plaintiff must show whether he collaborated with the court in setting a schedule; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent. Id. at 608 (citations omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. However, the district court is given broad discretion under Rule 16. Id. at 607.

////

Therefore, in interpreting the "good cause" requirement under Federal Rule of Civil Procedure 16(b), the court considers, primarily, "the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. As a secondary consideration, the court considers the degree of prejudice to the opposing party. Id.

Discussion

In light of defendants' non-opposition to plaintiff's motion to amend to add Eighth Amendment claims against defendant Collinsworth, the motion to amend should be granted as to defendant Collinsworth. Although plaintiff appeared to include a "supplemental complaint" within his motion to amend, plaintiff is advised that his filing is insufficient. Rather, plaintiff must file an amended complaint that includes his Eighth Amendment claims against defendants Lynch, Fredricks and Riley, his Fourteenth Amendment claim against defendant Collinsworth, and adds his Eighth Amendment claims against defendant Collinsworth. Defendants are relieved of their obligation to file a responsive pleading until the court issues its screening order.

As to the proposed new defendants, RN Carter, CMO Dr. Babbala and CEO Brizitdine, plaintiff failed to demonstrate good cause or diligence. Despite plaintiff's awareness of such individuals based on his naming them in healthcare grievances, plaintiff failed to explain his failure to include them in his original complaint, and his delay in moving to amend to name them. The discovery and scheduling order has been modified multiple times, yet plaintiff did not file his motion to amend until shortly before the discovery deadline was to expire on September 15, 2023. Adding these new defendants at this late date would require reopening discovery and require a second deposition of plaintiff. The undersigned finds that plaintiff was not diligent and has not shown good cause to include such new defendants at this late stage of the proceedings. In addition, allowing such amendment would also prejudice the defendants. Therefore, it is recommended that plaintiff's motion to amend to add the three new medical defendants be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case.

////

Further, IT IS RECOMMENDED that plaintiff's motion to amend (ECF No. 50) be partially granted, as follows:

1. Plaintiff's motion to amend to add Eighth Amendment claims against defendant Collinsworth be granted;

2. Plaintiff's motion to amend to add new medical defendants RN Carter, CMO Dr. Babbala and CEO Brizitdine be denied; and

3. Within thirty days from the date of any district court order adopting these findings and recommendations, plaintiff shall file an amended complaint as set forth above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 5, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tayl2413.mta